**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SANTIAGO ALVARADO-DE LEON**<br><br>**v.**<br><br>**WARDEN J. L. JAMISON, sued in his official capacity as the Warden of the Philadelphia Federal Detention Center (FDC), JOHN E. RIFE, sued in his official capacity as the Acting Field Office Director of U.S. Department of Homeland Security, Immigration and Customs Enforcement's Philadelphia Field Office, SECRETARY MARKWAYNE MULLIN, sued in his official capacity as the Secretary of the U.S. Department of Homeland Security, Acting Attorney Gen. TODD BLANCHE, sued in his official capacity as the Acting Attorney General of the United States, U.S. DEPARTMENT OF HOMELAND SECURITY, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW** | : | **CIVIL ACTION**<br><br><br><br>**NO. 26-6408** |

**ORDER**

**NOW**, this 31st day of August, 2026, upon consideration of petitioner Santiago Alvarado-De Leon's Verified Petition for Writ of Habeas Corpus (Doc. No. 1) and the government's opposition, **IT IS ORDERED** that the petition is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** as follows:

1. Alvarado-De Leon is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. The government shall release Alvarado-De Leon from custody immediately and certify compliance with this order by filing proof of his release on the docket no later than **10:00 A.M. E.T.**, on **September 1, 2026**.

3. The government shall return all personal belongings confiscated from Alvarado-De Leon upon his detention, including identification documents.

4. The government is temporarily enjoined from re-detaining Alvarado-De Leon for seven days following his release from custody.

5. If the government pursues re-detention of Alvarado-De Leon, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

6. The government shall not remove, transfer, or otherwise facilitate the removal of Alvarado-De Leon from the Eastern District of Pennsylvania prior to the ordered bond hearing.

7. If the immigration judge determines Alvarado-De Leon is subject to detention under 8 U.S.C. § 1226(a), the government may request permission to move Alvarado-De Leon if unforeseen or emergency circumstances arise that require his removal from the Eastern District of Pennsylvania. That request must set forth the grounds for the request and a proposed destination.[1]

TIMOTHY J. SAVAGE, J.

[1] Alvarado-De Leon, a native of Guatemala, entered the United States in 2006. *See* Verified Pet. for Writ of Habeas Corpus ¶ 18, ECF No. 1. Upon entry, he moved to Delaware to live with family. *Id.* He has lived there for 20 years and has a 14 year old son who is a U.S. citizen. *Id.* ¶ 19 The government has not indicated he has any known criminal history.

On August 26, 2026, Alvarado-De Leon was stopped by DHS officials and taken into custody with no prior notice or opportunity to contest his detention. *Id.* ¶ 21. DHS has since detained him at the Philadelphia Federal Detention Center. *Id.* ¶ 22. The government has denied him the opportunity for a hearing conducted by a neutral decisionmaker to determine whether his detention is warranted based on danger or flight risk. *See id.* ¶¶ 62–63. It contends detaining him without a bond hearing is lawful under 8 U.S.C. § 1225(b)(2)(A). *See* Respondents' Resp. to Pet. for Writ of Habeas Corpus 1, ECF No. 4 (noting this case "appears to fall under" the "category of cases" where the government has argued the petitioner can be detained without a bond determination under 8 U.S.C. § 1225(b)(2)(A)).

Section 1225(b)(2) does not apply to individuals like Alvarado-De Leon, who are not actively trying to enter the country, but have been living here for an extended period. *See Buele Morocho v. Warden Phila. FDC*, Nos. 26-1150 & 26-1454, slip op. at 37 (3d Cir. Aug. 28, 2026). The provision that applies to Alvarado De-Leon is 8 U.S.C. § 1226(a). That provision mandates a hearing. *See* 8 C.F.R. §§ 1236.1(c)(8), (d). He has not been given one.